UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MBD NO. 18-91318-RGS

PRECIOUS OKEREKE

v.

JUSTICES OF THE SUPERIOR COURT OF
THE COMMONWEALTH OF MASSACHUSETTS

MEMORANDUM AND ORDER

August 3, 2018

INTRODUCTION

On July 30, 2018, Precious Okereke ("Okereke") filed a letter seeking permission of this court to file two separate civil complaints.[1] With the letter and proposed complaints, Okereke filed a motion seeking waiver of the $47.00 fee for initiating this case on the miscellaneous business docket.

BACKGROUND

Okereke seeks to file two separate complaints. The first complaint names as defendants the judges of the Suffolk Superior Court along with the trial court chief justice, clerk and administrative attorney. She alleges that the issuance of a "pre-filing order" deprives her of due process and equal

---

[1] In 2012, filing restrictions were imposed on Precious Okereke because she was found to be an abusive litigant. *See Okereke v. Boston Police Hackney Division, et al.*, C.A. No. 11-11626-RWZ (D. Mass. Sept. 19, 2012).

protection due to delay in assignment of docket numbers and issuance of summons. She seeks to have this court enter an order enjoining the state court defendants from complying with the pre-filing order.

Okereke's second complaint names as defendants the Massachusetts Attorney General, the Massachusetts Appeals Court, the Justices of the Suffolk and Middlesex Superior Courts, and several unknown court employees. Okereke alleges that she submitted several cases to the Suffolk Superior Court that have not yet been docketed and that she has been aggrieved by rulings in connection with several cases. In addition to monetary damages, she seeks to have this court order the docketing of new cases and the reopening of closed cases so that judgment may be entered in her favor.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Upon review of Okereke's financial disclosures, the court finds that she is without sufficient funds to pay the filing fee for this action. Accordingly, the court grants plaintiff's motion.

## REQUEST FOR LEAVE TO FILE TWO NEW COMPLAINTS

Despite Okereke's characterization of her claims as due process and equal protection violations, the gravemen of her complaints are her dissatisfaction with the rulings and judgments entered by the various courts

of the Commonwealth of Massachusetts. This court lacks subject matter jurisdiction over such claims because, under the *Rooker–Feldman* doctrine, a federal district court does not have jurisdiction over claims that seek, in essence, to overturn state court judgments. *See Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 65 (1st Cir. 2008); *see also Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923); *Dist. of Columbia Ct. of Appeals. v. Feldman*, 460 U.S. 462 (1983). The proper avenue for such challenges is to the state's highest court and from there to the United States Supreme Court. *Bradbury v. GMAC Mortg., LLC*, 780 F.Supp.2d 108, 113 (D.Me. 2011); see *Davison v. Gov't of Puerto Rico–Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006) ("[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment."). Thus, the federal court is without subject matter jurisdiction.

Whether or not *Rooker–Feldman* bars Okereke's claims, both complaints fail to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Absolute judicial immunity bars any claims against defendants for acts taken in their judicial capacities. *See Pierson v. Ray*, 386 U.S. 547, 553–54 (1967) ("immunity of judges for acts within the judicial role is [ ] well established"); *see also Slotnick v. Staviskey*, 560 F.2d 31, 32 (1st

Cir. 1977) (state court judge enjoys absolute immunity from suit under § 1983, "as does his clerk"). The alleged wrongful acts are core judicial functions such as accepting filings and issuing legal rulings. These are acts regularly performed by judges and clerks within the scope of their jurisdiction. *See Goldstein v. Galvin*, 719 F.3d 16, 25 (1st Cir. 2013).

To the extent Okereke seeks injunctive relief in the form of an order commanding the state court to take action concerning cases to which she is, or has been, a party, 42 U.S.C. § 1983 "specifically bars this type of injunctive relief against state court judges." *Nollet v. Justices of Trial Court of Mass.*, 83 F.Supp.2d 204, 210 (D. Mass. 2000) (dismissing claim seeking decree commanding the Family and Probate Court to "adopt measures to prevent discrimination against men"); *see Roth v. King*, 449 F.3d 1272, 1286 (D.C.Cir. 2006) (§ 1983, as amended, "explicitly immunizes judicial officers against suits for injunctive relief").

Finally, the Eleventh Amendment to the United States Constitution precludes suits in federal court against a state unless the state has waived or Congress has properly abrogated the State's immunity. Under the Eleventh Amendment, a State, its agencies, and agency officials, acting in their official capacities are not "persons for purposes of section 1983, and therefore are not subject to suit for money damages in federal courts without the States

consent or abrogation of State sovereignty by Congress acting under its Fourteenth Amendment powers." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-67 (1989); *see also Lopes v. Commonwealth*, 442 Mass. 170, 175 (2004). The Commonwealth has not consented to being sued for money damages in either federal court or in its own courts under section 1983. *See Woodbridge v. Worcester State Hosp.*, 384 Mass. 38, 44-45 (1981). Although Okereke indicates that the claims are brought against the defendants in their individual and official capacities, the lawsuits are effectively brought against the state. Therefore, the Eleventh Amendment bars Okereke's lawsuits against the defendants.

ORDER

After careful consideration of her filings, Okereke will be permitted to proceed *in forma pauperis* and her request for leave to file two complaints is hereby DENIED. In light of this Order, the clerk shall terminate this case on the court's miscellaneous business docket.

SO ORDERED.

    /s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE